ELLIOTT *vs.* GIESE.—June, 1826.

The defendant signed, and addressed to the plaintiff, the following note. "Agreeable to promise I was to call on you this evening, but being too unwell, &c. I must beg to be excused; yet as the meeting was to be for the purpose of guaranteeing unto you a debt due you by my brother-in-law, J. G, amounting to, &c. I hereby guarantee the said sum."—*Held,* that the consideration did not sufficiently appear on the face of the instrument, under the statute of frauds 29 *Car.* II, *ch.* 3, *s.* 4, and that it was *nudum pactum,* and void.

APPEAL from *Baltimore* County Court. This was an action of *assumpsit.* The declaration contained two counts. 1. That one *Joseph Galbraith,* on the 5th of November 1819, was indebted to the plaintiff, (the appellant,) in $105, for money paid, laid out and expended, by the plaintiff, to and for the use of the said *Galbraith,* and at his special instance and request; and being so indebted he promised, &c. and afterwards, on the 6th of November 1819, in consideration of the premises, and to secure the payment of the said sum of money by the said *Galbraith* to the plaintiff, the defendant, (the appellee,) upon himself assumed, and did then and there guarantee to the plaintiff the payment of the said sum of $105, so due by the said *Galbraith* to the plaintiff, in case the said *Galbraith* should fail to pay the same. Averment, that *Galbraith* hath not paid, &c. of which the defendant had notice, &c. By reason whereof the defendant became liable, &c. and being so liable undertook, &c. 2. A similar count for another sum of $105, due from *Galbraith* to the plaintiff, for meat, drink, &c. The defendant pleaded *non assumpsit,* and issue was joined.

At the trial the plaintiff offered in evidence the following letter from the defendant to the plaintiff, and which was *admitted to be in the defendant's* handwriting: "Dear Sir, Agreeable to promise I was to call on you this evening; but being too unwell with the head-ache, I must beg to be excused; yet as the meeting was to be for the purpose of guaranteeing unto you a debt due you by my brother-in-law, *Jos. Galbraith,* amounting to one hundred and five dollars, I hereby guarantee the said sum. I remain yours, &c.

L. W. H. *Giese:*

Guarantee for $105.  *Philadelphia*, 6th Novr. 1819."
Addressed to "Mr. *Wm. Elliott, Philad.* 43, N. 3d."

The defendant then prayed the opinion and direction of the court to the jury, that the said writing created no liability on the part of the defendant, and that for that reason the plaintiff was not entitled to recover.  And the Court [*Archer*, Ch. J. and *Hanson* A. J.] being of that opinion, so directed the jury. The plaintiff excepted.  Verdict and judgment for the defendant, and the plaintiff appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, STEPHEN, and DORSEY, J.

*R. Johnson*, for the Appellant, cited *Russell vs. Moseley,* 3 *Brod. & Bingh.* 211, *(7 Serg. & Lowb.* 414.*)*

*R. B. Magruder* and *C. C. Harper*, for the Appellee, were stopped by the court.

BUCHANAN, Ch. J. delivered the opinion of the Court.  This is clearly an undertaking to answer for the debt of another, and though, being in writing, and signed by the defendant, the statute of frauds is so far gratified; yet in the absence of any superadded consideration moving between the plaintiff and the defendant, either of forbearance or otherwise, it is *nudum pactum*, and void.

The declaration avers the consideration to be a preexisting debt due from *Joseph Galbraith* to the plaintiff, and sets out no other; and the instrument of writing itself, on which the suit was brought, is, upon the face of it, a naked and express guarantee of that debt, without any apparent new consideration moving between the parties to that guarantee.

The case of *Wyman vs. Gray* decided this term, *(ante* 409,) is decisive of this case.

                                        JUDGMENT AFFIRMED.